## CORPORATE TRADE, INC.,
Plaintiff–Appellant,

v.

## GOLF CHANNEL, Defendant–Appellee.

No. 13–3999–CV.

United States Court of Appeals, Second Circuit.

April 29, 2014.

Louis Harvey Miron, Esq., Cranford, New Jersey, for Appellant.

Steven Gerber, Esq., Gonzalez Saggio & Harlan LLP, New York, NY, for Appellees.

PRESENT: RALPH K. WINTER, BARRINGTON D. PARKER and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff–Appellant Corporate Trade, Inc. ("CTI") appeals from the judgment of the district court, entered on September 25, 2013, granting Defendant–Appellee Golf Channel's motion to dismiss CTI's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. Having considered all of CTI's arguments, we affirm for substantially the same reasons stated in the district court's decision.

We note, however, that "[w]hile a statute of limitations defense may be raised in a motion to dismiss ... such a motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Ortiz v. Cornetta,* 867 F.2d 146, 148 (2d Cir.1989) (emphasis removed) (quotation and internal quotation marks omitted). Although CTI argues for both equitable estoppel and equitable tolling on appeal, New York law does not distinguish between the doctrines and applies the same analysis. *See, e.g., Abbas v. Dixon,* 480 F.3d 636, 642 (2d Cir.2007); *In re Fischer,* 308 B.R. 631, 656 (Bankr. E.D.N.Y.2004) ("Unlike federal law, however, New York state law does not differentiate between doctrines of fraudulent

concealment (equitable tolling) and equitable estoppel."). Because the "act of concealment underlying the estoppel claim is the same act which forms the basis of plaintiff's underlying substantive cause of action," equitable estoppel is not applicable in this case. *Kaufman v. Cohen*, 307 A.D.2d 113, 760 N.Y.S.2d 157, 167 (1st Dep't 2003); *see also Smith v. Smith*, 830 F.2d 11, 13 (2d Cir.1987); *Abercrombie v. Andrew Coll.*, 438 F.Supp.2d 243, 267 (S.D.N.Y.2006).

Accordingly, the judgment of the district court is hereby **AFFIRMED**.